Hart, J.
Under date of February 15, 1946, the respondent, as shown by its answer, found “that the stepladder was not equipped with any safety shoes, metal spikes or spurs, as required by paragraph (a) of Section 17, Bulletin 203, the Code of Specific Requirements and General Safety Standards for Workshops and Factories” and “that as a result of the employer’s violation of the above-mentioned section of the aforesaid code, the claimant was injured as set forth in his application.”
After the present action was commenced, a stipulation was filed by the parties, under date of February 25, 1948, providing “that the entire file of the Industrial Commission of Ohio shall be used as the record in this cause, and furthermore, that if the deposition of Miller Plumbing Company was taken in further amplification of said record, that the same would show as a fact that on the 13 day of March, 1943, in a building formerly used by Beach Enameling Company of Coshocton, Ohio, that Miller Plumbing Company under its contract with Firestone Tire & Rubber Company, was performing construction work by way of installing inside of this building, boilers, steam pipelines, and necessary fittings, and was not conducting a workshop or factory at said location.”
The record raises the issue whether, when specific safety requirements are formulated and issued by the Industrial Commission for a specific industry or occupation, which purport to exclusively cover that industry or occupation, to wit, workshops and factories, the'commission may then apply and use such rules of conduct to find a violation of a specific lawful requirement in another specific industry or occupation, in this case building and construction work.
The orders of the Industrial Commission formulating rules for specific safety requirements have the effect of legislative enactments and are, therefore, sub *497 ject to the ordinary rules of statutory construction. Such orders and rules are in form and effect applicable to distinct and specific industries and occupations. Rules and orders applicable to workshops and factories and those applicable to building operations, not adopted at the same time or as a comprehensive code intended to cover more than the specific industry or occupation to which they are expressly made applicable, are not in pari materia. Columbus Packing Co. v. State, ex rel. Schlesinger, Pros. Atty., 106 Ohio St., 469, 140 N. E., 376, 37 A. L. R., 1525. The rule of expressio unhis est exclusio alterius then applies. Our conclusion is that the Industrial Commission was not warranted in applying the safety requirements adopted for workshops or factories to the relator which was at the time Brode was injured engaged in construction work only.
In applying the rule applicable to workshops and factories to the facts in this case', the Industrial Commission did not consider or apply Section 301 of Specific Safety Requirements, Bulletin 202, applicable to construction work, now admitted by counsel for the respondent to be applicable to the situation of the relator, which rule reads as follows:
“Sec. 301. All ladders placed where there is danger ■ of slipping shall be secured by the use of cleats, metal points, safety shoes, lashing or other effective means.” (Italics supplied.)
The respondent having applied an inappropriate rule and having failed to apply the appropriate one, the relator is entitled to a writ of mandamus as prayed for, and such writ is, hereby, allowed.

Writ allowed.

Weygandt, C. J., Turner, Matthias, Zimmerman, Sohngen and Stewart, JJ., concur. '